AMERICAN HOME ASSURANCE COMPANY a/s/o Raytheon Systems Company, Plaintiff–Appellant–Cross–Appellee,

v.

M.V. TABUK, her engines, boilers, tackle, and appurtenances, in rem, and United Arab Shipping Company (S.A.G.), in personam, Defendant–Appellees–Cross–Appellants.

Nos. 01–9398(L), 01–9451(XAP).

United States Court of Appeals, Second Circuit.

Aug. 16, 2002.

Edward C. Radzick, Donovan, Parry, McDermott & Radzik, New York, N.Y.

(Marc I. Kunkin, on the brief), for appellant.

Robert A. Milana, London Fischer, LLP, New York, NY., for appellee.

Present: JACOBS, CABRANES, F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

American Home Assurance Co. ("American Home"), as the insurer of Raytheon Systems Co., appeals from the post-bench-trial judgment of the District Court for the Southern District of New York (Marrero, J.). This suit arises from the shipment by Raytheon of one hundred TOW 2A Guided Missiles to Kuwait through United Arab Shipping Co. ("United Arab"), operator of a cargo ship known as the M.V. TABUK. The missiles were swept overboard in a storm. The district court held that on-deck stowage of these missiles was a reasonable deviation from the bill of lading, and that United Arab therefore could avail itself of the package-limitation defense provided for in the Carriage of Goods by Sea Act ("COGSA"), 46 App.U.S.C. § 1304(5). United Arab cross-appeals the district court's calculation of the $500–per–package award according to the number of missiles rather than according to the number of pallets in which the missiles were carried.

We review the district court's factual findings for clear error, and its rulings of law and mixed questions of law and fact *de novo. See Muller v. Comm. on Special Educ. of East Islip Union Free Sch. Dist.,* 145 F.3d 95, 102 (2d Cir.1998).

COGSA limits a carrier's liability for lost cargo to $500–per–package. 46 App.

U.S.C. § 1304(5). This limitation is defeated by an "unreasonable deviation" from the contract of carriage, "because such a deviation is a fundamental breach of the contract." *English Elec. Valve Co., Ltd. v. M/V Hoegh Mallard*, 814 F.2d 84, 89 (2d Cir.1987). However, "mere negligence, lack of due diligence, or a failure to properly handle, stow, care, or deliver cargo, never has constituted deviation." *Sedco, Inc. v. SS. Strathewe*, 800 F.2d 27, 32 (2d Cir.1986).

■ American Home failed to demonstrate a deviation constituting a breach of contract. The bill of lading reflects that the missiles were received "clean on board," normally signifying under-deck stowage. However, as the district court found, that same bill of lading expressly permitted the carrier at his option to carry the cargo on-deck. *See Am. Home Assurance Co. v. M/V TABUK*, 170 F.Supp.2d 431, 432–33 (S.D.N.Y.2001). In addition, Dan–Am Shipping & Chartering (Raytheon's shipping agent) booked the missiles for either under- or on-deck stowage. A shipping agent's notice of under-deck stowage along with a contractual option permitting the carrier to stow cargo on-deck effectively rebuts any presumption of under-deck stowage flowing from a clean bill of lading. *See English Elec.*, 814 F.2d at 89. Since we conclude that the on-deck stowage was not a deviation from the contract of carriage, we do not address the reasonableness of any purported deviation in this case.

■ Nor do we see any reason to disturb the district court's finding of damages. The number of packages used to calculate the $500–per–package liability is determined using "the unit of packaging unambiguously identified in the bill of lading." *Seguros "Illimani" S.A. v. M/V POPI P*, 929 F.2d 89, 94 (2d Cir.1991). Each missile was packaged and sealed in

an individual metal tube, and the bill of lading refers to a shipment of 100 rockets, not nine pallets. Thus, United Arab was properly assessed damages of $50,000.

For the foregoing reasons, we affirm the judgment of the district court.